FILED
2017 Jul-06  PM 03:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **WELLS FARGO BANK,** | ) | |
| **NATIONAL ASSOCIATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **CIVIL ACTION NUMBER:** |
| **RESTORE CARE OF NORTH** | ) | _____ |
| **ALABAMA, LLC; RESTORE** | ) | |
| **CARE, INC.; CELIA TURNEY;** | ) | |
| **and JESSIE TURNEY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

**COMES NOW** the plaintiff, Wells Fargo Bank, National Association, a national banking association, and for its complaint against defendants Restore Care of North Alabama, LLC ("RCNA"); Restore Care, Inc. ("RCI" and collectively with RCNA, the "Borrowers"); Celia Turney ("C. Turney"); and Jessie Turney ("J. Turney" and with RCNA, RCI, and C. Turney collectively, the "Defendants"), states as follows:

## JURISDICTION AND VENUE

1.     Plaintiff Wells Fargo is a national banking association having its principal place of business in South Dakota.

2.     Upon information and belief, defendant RCNA is a limited liability company formed under the laws of the State of Alabama with its principal place of business in Toney, Alabama.

3.     Upon information and belief, defendant RCI is an Alabama corporation formed under the laws of the State of Alabama with its principal place of business in Toney, Alabama.  Upon further information and belief, RCI has one member, C. Turney, who is a resident of the state of Alabama.

4.     Upon information and belief, defendant C. Turney is a citizen of the State of Alabama and resides in Alabama.

5.     Upon information and belief, defendant J. Turney is a citizen of the State of Alabama and resides in Alabama.

6.     The amount in controversy against each of the Defendants, exclusive of interest and costs, exceeds $75,000.00, and complete diversity exists between Wells Fargo on the one hand and the Defendants on the other.

7.     This Court has original jurisdiction of this case pursuant to 28 U.S.C. § 1332.

8.     Venue is proper pursuant to 28 U.S.C. § 1391(a).

## STATEMENT OF FACTS

### The RCNA Notes and RCNA Guarantees.

9.     Wells Fargo previously made a loan to RCNA (the "1st RCNA Loan"), as most recently evidenced by that certain *Business Lending Confirmation Letter* dated November 1, 2013 and other related loan documents in the principal amount of $51,000 (as previously or subsequently amended, modified, revised, and/or renewed from time to time, the "1st RCNA Note").  A true and correct copy of the 1st RCNA Note is attached hereto as **Exhibit A**.

10.     Wells Fargo previously made an additional loan (the "2nd RCNA Loan" and collectively with the 1st RCNA Loan, the "RCNA Loans") to RCNA, as most recently evidenced by that certain *Business Lending Confirmation Letter* dated September 25, 2013 and other related loan documents in the principal amount of $620,500 (as previously or subsequently amended, modified, revised, and/or renewed from time to time, the "2nd RCNA Note" and collectively with the 1st RCNA Note, the "RCNA Notes").  A true and correct copy of the 2nd RCNA Note is attached hereto as **Exhibit B**.

11.     In addition to RCNA's obligation to pay the principal, interest, and late charges owing under the RCNA Notes, the RCNA Notes and other related loan documents provide that Wells Fargo is entitled to recover costs and expenses incurred to collect the RCNA Notes, including attorneys' fees and court costs.

12.     As an inducement for Wells Fargo to make the RCNA Loans to RCNA, C. Turney, J. Turney, and RCI (collectively, the "RCNA Guarantors") each unconditionally guaranteed payment of the RCNA Loans and other sums due on the RCNA Notes.   The RCNA Guarantors are jointly and severally liable to Wells Fargo for all amounts owed by RCNA to Wells Fargo, including amounts owed on the RCNA Loans.  The RCNA Guarantors' obligations to pay the guaranteed obligations are evidenced by those certain *Commercial Guarantees* dated September 25, 2013 and November 1, 2013 executed by the respective RCNA Guarantor (collectively, the "RCNA Guarantees," and collectively with the RCNA Notes and any and all other documents evidencing and/or securing the RCNA Loans, including all applicable mortgages and/or security instruments, the "RCNA Loan Documents").  True and correct copies of the RCNA Guarantees are attached hereto collectively as **Exhibit C.**

13.     RCNA and the RCNA Guarantors defaulted under the RCNA Loan Documents for, among other things, failure to make payments when due (the "RCNA Default").

14.     Wells Fargo gave written notice of default and a demand for payment (the "RCNA Default Letter") to RCNA and the RCNA Guarantors by letter dated May 1, 2017.  A true and correct copy of the RCNA Default Letter is attached hereto as **Exhibit D**.

15.    All amounts owing under the RCNA Note and RCNA Guarantees are immediately due and payable.

16.    RCNA and the RCNA Guarantors have failed to pay their respective obligations under the RCNA Note and RCNA Guarantees.

**The RCI Note and RCI Guaranty.**

17.    Wells Fargo previously made a loan to RCI (the "RCI Loan"), as most recently evidenced by that certain *Business Lending Confirmation Letter* dated October 24, 2016 and other related loan documents in the principal amount of $75,000 (as previously or subsequently amended, modified, revised, and/or renewed from time to time, the "RCI Note").  A true and correct copy of the RCI Note is attached hereto as **Exhibit E**.

18.    In addition to RCI's obligation to pay the principal, interest, and late charges owing under the RCI Note, the RCI Note provides that Wells Fargo is entitled to recover costs and expenses incurred to collect the RCI Note, including attorneys' fees and court costs.

19.    As an inducement for Wells Fargo to make the RCI Loan to RCI, C. Turney unconditionally guaranteed payment of the RCI Loan and other sums due on the RCI Note.  C. Turney is jointly and severally liable to Wells Fargo for all amounts owed by RCI to Wells Fargo, including amounts owed on the RCI Loan. C. Turney's obligations to pay the guaranteed obligations are evidenced by that

certain *Commercial Guaranty* executed by C. Turney dated October 24, 2016 (the "RCI Guaranty" and collectively with the RCI Note and any and all other documents evidencing and/or securing the RCI Loan, including all applicable mortgages and/or security instruments, the "RCI Loan Documents"). A true and correct copy of the RCI Guaranty is attached hereto as **Exhibit F.**

20.    RCI and C. Turney defaulted under the RCI Loan Documents for, among other things, failure to make payments when due (the "RCI Default").

21.    Wells Fargo gave written notice of default and a demand for payment (the "RCI Default Letter") to RCI and C. Turney by letter dated May 1, 2017. A true and correct copy of the RCI Default Letter is attached hereto as **Exhibit G**.

22.    All amounts owing under the RCI Note and RCI Guaranty are immediately due and payable.

23.    RCI and C. Turney have failed to pay their respective obligations under the RCI Note and RCI Guaranty.

## COUNT I - BREACH OF CONTRACT (THE RCNA NOTE)

24.    Wells Fargo incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

25.    The RCNA Note is a valid and binding contract.

26.    Wells Fargo has fulfilled its obligations to RCNA under the RCNA Note.

6

27.     RCNA is in breach of its obligations under the RCNA Note for, among other things, failure to make payments when due.

28.     As a consequence of RCNA's breach of the RCNA Note, Wells Fargo has suffered damages, including but not limited to, the outstanding principal on the RCNA Loan, accrued and accruing interest thereon, late charges, expenses of collection, including attorneys' fees, other legally recoverable costs under the RCNA Note, and the costs of this action.

**WHEREFORE**, Wells Fargo demands judgment against RCNA for all amounts due and owing under the terms of the RCNA Note, including, without limitation, the principal indebtedness outstanding under the RCNA Loan, accrued and accruing interest thereon, late charges, Wells Fargo's costs of collection, including attorneys' fees and expenses, and any and all other amounts recoverable under the RCNA Note.

## COUNT II - BREACH OF CONTRACT (THE RCNA GUARANTEES)

29.     Wells Fargo incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

30.     The RCNA Guarantees are valid and binding contracts.

31.     Wells Fargo has fulfilled its obligations to the RCNA Guarantors under the RCNA Guarantees.

32.    The RCNA Guarantors are each in default of their obligations under their respective guaranty for, among other things, failure to make payments when due.

33.    As a consequence of the RCNA Guarantors' breach and failure to pay their obligations under the RCNA Guarantees, Wells Fargo has suffered damages, including but not limited to, the outstanding principal on the RCNA Loan, accrued and accruing interest thereon, late charges, expenses of collection, including attorneys' fees, other legally recoverable costs under the RCNA Guarantees, and the costs of this action.

**WHEREFORE**, Wells Fargo demands judgment against the RCNA Guarantors, jointly and severally, for all amounts due and owing under the terms of the RCNA Guarantees, including, without limitation, the principal indebtedness outstanding under the RCNA Loan, accrued and accruing interest thereon, late charges, Wells Fargo's costs of collection, including attorneys' fees and expenses, and any and all other amounts recoverable under the RCNA Guarantees.

## COUNT III - UNJUST ENRICHMENT (THE RCNA LOAN)

34.    Wells Fargo incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

35.    RCNA and the RCNA Guarantors each accepted and received the benefits of, and were substantially benefited by, the RCNA Loan. RCNA and the

8

RCNA Guarantors knew, or should have known, that Wells Fargo expected and was entitled to repayment of the RCNA Loan.

36.     Wells Fargo is entitled to recover from RCNA and the RCNA Guarantors, jointly and severally, under the doctrines of *quantum meruit* and/or unjust enrichment in an amount of the reasonable value of the principal owed under the RCNA Loan, plus outstanding accrued interest thereon, late charges, expenses of collection, including attorneys' fees, other legally recoverable costs under the RCNA Note, and the costs of this action.

**WHEREFORE**, Wells Fargo demands judgment against the RNCA and RCNA Guarantors, jointly and severally, for all amounts due and owing under the terms of the RCNA Note, including, without limitation, the principal indebtedness outstanding under the RCNA Loan, accrued and accruing interest thereon, late charges, Wells Fargo's costs of collection, including attorneys' fees and expenses, any and all other amounts recoverable under the RCNA Note, the costs of this action, and any other relief to which this Honorable Court finds Wells Fargo is entitled.

## COUNT IV - BREACH OF CONTRACT (THE RCI NOTE)

37.     Wells Fargo incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

38.     The RCI Note is a valid and binding contract.

9

39.    Wells Fargo has fulfilled its obligations to RCI under the RCI Note.

40.    RCI is in breach of its obligations under the RCI Note for, among other things, failure to make payments when due.

41.    As a consequence of RCI's breach of the RCI Note, Wells Fargo has suffered damages, including but not limited to, the outstanding principal on the RCI Loan, accrued and accruing interest thereon, late charges, expenses of collection, including attorneys' fees, other legally recoverable costs under the RCI Note, and the costs of this action.

**WHEREFORE**, Wells Fargo demands judgment against RCI for all amounts due and owing under the terms of the RCI Note, including, without limitation, the principal indebtedness outstanding under the RCI Loan, accrued and accruing interest thereon, late charges, Wells Fargo's costs of collection, including attorneys' fees and expenses, and any and all other amounts recoverable under the RCI Note.

## COUNT V - BREACH OF CONTRACT (THE RCI GUARANTY)

42.    Wells Fargo incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

43.    The RCI Guaranty is a valid and binding contract.

44.    Wells Fargo has fulfilled its obligations to the C. Turney under the RCI Guaranty.

45.    C. Turney is in default of her obligations under the RCI Guaranty for, among other things, failure to make payments when due.

46.    As a consequence of C. Turney's breach and failure to pay her obligations under the RCI Guaranty, Wells Fargo has suffered damages, including but not limited to, the outstanding principal on the RCI Loan, accrued and accruing interest thereon, late charges, expenses of collection, including attorneys' fees, other legally recoverable costs under the RCI Guaranty, and the costs of this action.

**WHEREFORE**, Wells Fargo demands judgment against C. Turney, jointly and severally, for all amounts due and owing under the terms of the RCI Guaranty, including, without limitation, the principal indebtedness outstanding under the RCI Loan, accrued and accruing interest thereon, late charges, Wells Fargo's costs of collection, including attorneys' fees and expenses, and any and all other amounts recoverable under the RCI Guaranty.

## COUNT VI- UNJUST ENRICHMENT (THE RCI LOAN)

47.    Wells Fargo incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

48.    RCI and C. Turney accepted and received the benefits of, and were substantially benefited by, the RCI Loan.  RCI and C. Turney knew, or should

have known, that Wells Fargo expected and was entitled to repayment of the RCI Loan.

49.     Wells Fargo is entitled to recover from RCI and C. Turney, jointly and severally, under the doctrines of *quantum meruit* and/or unjust enrichment in an amount of the reasonable value of the principal owed under the RCI Loan, plus outstanding accrued interest thereon, late charges, expenses of collection, including attorneys' fees, other legally recoverable costs under the RCI Note, and the costs of this action.

**WHEREFORE**, Wells Fargo demands judgment against RCI and C. Turney, jointly and severally, for all amounts due and owing under the terms of the RCI Note, including, without limitation, the principal indebtedness outstanding under the RCI Loan, accrued and accruing interest thereon, late charges, Wells Fargo's costs of collection, including attorneys' fees and expenses, any and all other amounts recoverable under the RCI Note, the costs of this action, and any other relief to which this Honorable Court finds Wells Fargo is entitled.

Dated this the 6th day of July 2017.

/s/ Glenn E. Glover
Counsel for Wells Fargo Bank, National Association

**OF COUNSEL:**

Glenn E. Glover, Esq.
**Bradley Arant Boult Cummings LLP**
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800


**DEFENDANTS WILL BE SERVED BY PRIVATE
PROCESS SERVER AT THE FOLLOWING ADDRESSES:**

Restore Care of North Alabama, LLC
10674 Wall Triana Highway
Toney, Alabama 35773-9134

Restore Care, Inc.
10674 Wall Triana Highway
Toney, Alabama 35773-9134

Celia Turney
10674 Wall Triana Highway
Toney, Alabama 35773-9134

Jessie Turney
10674 Wall Triana Highway
Toney, Alabama 35773-9134