FILED

2017 Sep-27  PM 02:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### (SOUTHERN DIVISION)

| | | |
|---|---|---|
| **WELLS FARGO BANK, N.A.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:17-cv-01135-SGC** |
| | ) | |
| **RESTORE CARE OF NORTH** | ) | |
| **ALABAMA, LLC, ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MOTION FOR DEFAULT JUDGMENT

Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, Plaintiff Wells Fargo Bank, National Association, ("Wells Fargo") moves this Court to enter a default judgment against Defendants Restore Care of North Alabama, LLC ("RCNA"); Restore Care, Inc. ("RCI" and collectively with RCNA, the "Borrowers"); Celia Turney ("C. Turney"); and Jessie Turney ("J. Turney" and with RCNA, RCI, and C. Turney collectively, the "Defendants").  In support of this Motion, Wells Fargo states as follows:

1.  On July 6, 2017, Wells Fargo filed its *Complaint* (the "Complaint")[1] initiating the above-styled action against the Defendants.

---

[1]      All terms not otherwise defined herein shall have the meaning ascribed to them in the Complaint.

2.      The facts and allegations of Wells Fargo's Complaint regarding the loans made by Wells Fargo to RCNA and RCI; the guarantees by RCI, C. Turney, J. Turney of RCNA's obligations; the guaranty of C. Turney of RCI's obligation; and the respective defaults by the Defendants under the same are supported by the *Affidavit of Eddy Mullinax* attached hereto as **Exhibit A** and incorporated by reference herein (the "Mullinax Affidavit").

3.      The Mullinax Affidavit establishes the following with regard to the Defendants' indebtedness to Wells Fargo as of September 22, 2017:

   a.  **RCNA** is indebted to Wells Fargo for the following amounts:

   (1) under the 1st RCNA Note, $40,707.95 in unpaid principal; $94.66 in accrued but unpaid interest; Wells Fargo's reasonable attorneys' fees and other costs of collection as provided for thereunder; and all other costs and legally recoverable charges thereunder.

   (2) under the 2nd RCNA Note, $512,263.64 in unpaid principal; $16,792.01 in accrued but unpaid interest; $2,072.26 in accrued but unpaid late charges; Wells Fargo's reasonable attorneys' fees and other costs of collection as provided for thereunder; and all other costs and legally recoverable charges thereunder.

   b.  **RCI** is indebted to Wells Fargo for the following amounts:

   (1) under the RCI Note: $73,291.38 in unpaid principal; $2,544.37 in accrued but unpaid interest; $787.57 in accrued but unpaid late charges; Wells Fargo's reasonable attorneys' fees and other costs of collection as provided for thereunder; and all other costs and legally recoverable charges thereunder.

   (2) under the 1st RCNA Note and the RCNA Guarantee of RCI: $40,707.95 in unpaid principal; $94.66 in accrued but unpaid interest; Wells Fargo's reasonable attorneys' fees and other costs

of collection as provided for thereunder; and all other costs and legally recoverable charges thereunder.

(3) under the 2nd RCNA Note and the RCNA Guarantee of RCI: $512,263.64 in unpaid principal; $16,792.01 in accrued but unpaid interest; $2,072.26 in accrued but unpaid late charges; Wells Fargo's reasonable attorneys' fees and other costs of collection as provided for thereunder; and all other costs and legally recoverable charges thereunder.

c. **J. Turney** is indebted to Wells Fargo for the following amounts:

(1) under the 1st RCNA Note and the RCNA Guarantee of J. Turney: $40,707.95 in unpaid principal; $94.66 in accrued but unpaid interest; Wells Fargo's reasonable attorneys' fees and other costs of collection as provided for thereunder; and all other costs and legally recoverable charges thereunder.

(2) under the 2nd RCNA Note and the RCNA Guarantee of J. Turney: $512,263.64 in unpaid principal; $16,792.01 in accrued but unpaid interest; $2,072.26 in accrued but unpaid late charges; Wells Fargo's reasonable attorneys' fees and other costs of collection as provided for thereunder; and all other costs and legally recoverable charges thereunder.

d. **C. Turney** is indebted to Wells Fargo for the following amounts:

(1) under the 1st RCNA Note and the RCNA Guarantee of C. Turney: $40,707.95 in unpaid principal; $94.66 in accrued but unpaid interest; Wells Fargo's reasonable attorneys' fees and other costs of collection as provided for thereunder; and all other costs and legally recoverable charges thereunder.

(2) under the 2nd RCNA Note and the RCNA Guarantee of C. Turney: $512,263.64 in unpaid principal; $16,792.01 in accrued but unpaid interest; $2,072.26 in accrued but unpaid late charges; Wells Fargo's reasonable attorneys' fees and other costs of collection as provided for thereunder; and all other costs and legally recoverable charges thereunder.

(3) Under the RCI Note and the RCI Guaranty: $73,291.38 in unpaid principal; $2,544.37 in accrued but unpaid interest; $787.57 in accrued but unpaid late charges; Wells Fargo's reasonable attorneys' fees and other costs of collection as provided for thereunder; and all other costs and legally recoverable charges thereunder

4.     The *Affidavit of Glenn E. Glover*, which is attached as **Exhibit B** and incorporated by reference herein (the **"**Glover Affidavit**"**), establishes that as of September 22, 2017, Wells Fargo has incurred $6,674.30 in attorney's fees and $690 in costs and expenses in connection with collecting the indebtedness owed under the RCNA Notes and the RCI Note.  Based on the services rendered to Wells Fargo in connection with collecting the indebtedness owed under the RCNA Notes and the RCI Note, the time expended, the expertise required, the amount of indebtedness being collected, and the rates customarily charged, Mr. Glover believes that these fees and expense incurred by Wells Fargo were actual, reasonable, and necessary.

WHEREFORE, premises considered, Wells Fargo prays that this Court enter a judgment of default in its favor in the following amounts:

A.     Against **Restore Care of North Alabama, LLC**: (1) $571,930.52 in unpaid principal, accrued but unpaid interest, and late fees; (2) per diem interest from September 22, 2017 to the date of judgment in the collective amount of $61.28; (3) $2,410.80 (2/3 of the total $3,616.20) in attorney fees and costs incurred by Wells Fargo through September 22, 2017; (4) post-judgment interest at the statutory rate; (5) future attorneys' fees and costs as may be incurred by Wells Fargo in this matter, including post-judgment collection efforts; and (6) any and all

other sums and amounts due and collectible under the respective loan documents;

B.      Against **Restore Care, Inc.**: (1) $648,553.84 in unpaid principal, accrued but unpaid interest, and late fees; (2) per diem interest from September 22, 2017 to the date of judgment in the collective amount of $71.46; (3) $3,616.20 in attorney fees and costs incurred by Wells Fargo through September 22, 2017; (4) post-judgment interest at the statutory rate; (5) future attorneys' fees and costs as may be incurred by Wells Fargo in this matter, including post-judgment collection efforts; and (6) any and all other sums and amounts due and collectible under the respective loan documents;

C.      Against **Jessie Turney**: (1) $571,930.52 in unpaid principal, accrued but unpaid interest, and late fees; (2) per diem interest from September 22, 2017 to the date of judgment in the collective amount of $61.28; (3) $2,410.80 (2/3 of the total $3,616.20) in attorney fees and costs incurred by Wells Fargo through September 22, 2017; (4) post-judgment interest at the statutory rate; (5) future attorneys' fees and costs as may be incurred by Wells Fargo in this matter, including post-judgment collection efforts; and (6) any and all other sums and amounts due and collectible under the respective loan documents;

D.      Against **C. Turney**: (1) $648,553.84 in unpaid principal, accrued but unpaid interest, and late fees; (2) per diem interest from September 22, 2017 to the date of judgment in the collective amount of $71.46; (3) $3,616.20 in attorney fees and costs incurred by Wells Fargo through September 22, 2017; (4) post-judgment interest at the statutory rate; (5) future attorneys' fees and costs as may be incurred by Wells Fargo in this matter, including post-judgment collection efforts; and (6) any and all other sums and amounts due and collectible under the respective loan documents; and

E.      Such other and further relief as this Court deems appropriate.

Respectfully submitted this the 27th day of September 2017.

/s/ Glenn E. Glover
Attorney for Wells Fargo Bank, National
Association

**OF COUNSEL:**

Glenn E. Glover
**Bradley Arant Boult Cummings LLP**
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
gglover@babc.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2017 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel on record and served a copy to the following via U.S. Mail:

Restore Care of North Alabama, LLC
10674 Wall Triana Highway
Toney, Alabama 35773-9134

Restore Care, Inc.
10674 Wall Triana Highway
Toney, Alabama 35773-9134

Celia Turney
10674 Wall Triana Highway
Toney, Alabama 35773-9134

Jessie Turney
10674 Wall Triana Highway
Toney, Alabama 35773-9134

/s/ Glenn E. Glover
Glenn E. Glover