UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **WELLS FARGO BANK, N.A.,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| v. | } | Case No.: 2:17-cv-01135-RDP |
| | } | |
| **RESTORE CARE OF NORTH ALABAMA, LLC, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

This matter is before the court on the Motion for Default Judgment (Doc. # 18), filed by Plaintiff Wells Fargo Bank, N.A. ("Plaintiff" or "Wells Fargo") on September 27, 2017 against Defendants Restore Care of North Alabama, LLC ("RCNA"); Restore Care, Inc. ("RCI"); Celia Turney; and Jessie Turney (collectively "Defendants"). After the Clerk's Entry of Default (Doc. # 17) on September 21, 2017, Plaintiff now seeks a Rule 55(b) default judgment for the full relief sought in the Complaint (Doc. # 1) in the following amounts and against the following Defendants:

1. Against RCNA for (i) $571,930.52 in unpaid principal, accrued but unpaid interest, and late fees; (ii) per diem interest from September 22, 2017 to the date of judgment in the collective amount of $61.28; (iii) $2,410.80 in attorneys' fees and costs incurred by Wells Fargo through September 22, 2017; (iv) post-judgment interest at the statutory rate; (v) future attorneys' fees and costs as may be incurred by Wells Fargo in this matter, including post-judgment collection efforts; and (vi) any and all other sums and amounts due and collectible under the respective loan documents;

2. Against RCI for (i) $648,553.84 in unpaid principal, accrued but unpaid interest, and late fees; (ii) per diem interest from September 22, 2017 to the date of judgment in the collective amount of $71.46; (iii) $3,616.20 in attorneys' fees and costs incurred by Wells Fargo through September 22, 2017; (iv) post-judgment interest at the statutory rate; (v) future attorneys' fees and costs as may be incurred by Wells Fargo in this matter, including post-judgment collection efforts;

and (vi) any and all other sums and amounts due and collectible under the respective loan documents;

3. Against Celia Turney for (i) $648,553.84 in unpaid principal, accrued but unpaid interest, and late fees; (ii) per diem interest from September 22, 2017 to the date of judgment in the collective amount of $71.46; (iii) $3,616.20 in attorneys' fees and costs incurred by Wells Fargo through September 22, 2017; (iv) post-judgment interest at the statutory rate; (v) future attorneys' fees and costs as may be incurred by Wells Fargo in this matter, including post-judgment collection efforts; and (vi) any and all other sums and amounts due and collectible under the respective loan documents; and

4. Against Jessie Turney for (i) $571,930.52 in unpaid principal, accrued but unpaid interest, and late fees; (ii) per diem interest from September 22, 2017 to the date of judgment in the collective amount of $61.28; (iii) $2,410.80 in attorneys' fees and costs incurred by Wells Fargo through September 22, 2017; (iv) post-judgment interest at the statutory rate; (v) future attorneys' fees and costs as may be incurred by Wells Fargo in this matter, including post-judgment collection efforts; and (vi) any and all other sums and amounts due and collectible under the respective loan documents.

(Doc. # 18). For the reasons outlined below, the current Motion (Doc. # 18) is due to be granted in part.

**I. Background**

In 2013, Wells Fargo loaned RCNA $51,000.00 ("First RCNA Loan") and $620,500.00 ("Second RCNA Loan" and, collectively with the First RCNA Loan, the "RCNA Loans"). (Docs. # 1 at ¶ 9-10; 1-1; 1-2). Under the terms of the RCNA Loans, RCNA is obligated to pay principal, interest, late fees, and attorneys' fees and expenses incurred in collecting the RCNA Loans. (Docs. # 1 at ¶ 11). Celia Turney, Jessie Turney, and RCI (collectively the "RCNA Guarantors") unconditionally guaranteed payment of the RCNA Loans and are jointly and severally liable to Wells Fargo for all amounts owed by RCNA to Wells Fargo. (Docs. # 1 at ¶ 12; 1-3). On May 1, 2017, after RCNA had defaulted on the RCNA Loans, Wells Fargo gave Defendants written notice of default and a demand for payment. (Docs. # 1 at ¶ 13-14; 1-4). To

date, Defendants have failed to pay their respective obligations under the RCNA Loans. (Doc. # 1 at ¶ 16).

In 2016, Wells Fargo loaned RCI $75,000.00 ("RCI Loan"). (Docs. # 1 at ¶ 17; 1-5). Under the terms of the RCI Loan, RCI is obligated to pay principal, interest, late fees, and attorneys' fees and expenses incurred in collecting the RCI Loan. (Docs. # 1 at ¶ 18; 1-5). Celia Turney unconditionally guaranteed payment of the RCI Loan and is jointly and severally liable to Wells Fargo for all amounts owed by RCI to Wells Fargo. (Docs. # 1 at ¶ 19; 1-6). On May 1, 2017, after RCI had defaulted on the RCI Loan, Wells Fargo gave RCI and Celia Turney written notice of default and a demand for payment. (Docs. # 1 at ¶ 20-21; 1-7). To date, RCI and Celia Turney have failed to pay their respective obligations under the RCI Loan. (Doc. # 1 at ¶ 23).

On July 6, 2017, Plaintiff filed a Complaint against Defendants alleging (1) breach of contract by RCNA under the RCNA Loans; (2) breach of contract by the RCNA Guarantors under the RCNA Loans; (3) unjust enrichment due to the RCNA Loans; (4) breach of contract by RCI under the RCI Loan; (5) breach of contract by Celia Turney as the RCI Guarantor under the RCI Loan; and (6) unjust enrichment due to the RCI Loan. (Doc. # 1). Jessie Turney was served on July 9, 2017. (Doc. # 4). RCNA, RCI, and Celia Turney were all served on July 22, 2017. (Docs. # 5, 6, 7). To date, none of the Defendants have answered or otherwise appeared in this case.

The Clerk of Court issued an Entry of Default against Defendants on September 21, 2017. (Doc. # 17). On September 27, 2017, Plaintiff filed the instant Motion for Default Judgment along with the Affidavit of Eddy Mullinax[1] (Doc. 18-1) and the Affidavit of Glenn E.

---

[1] Eddy Mullinax is Assistant Vice President of the Credit Management Group for Wells Fargo and has custody and control of Well Fargo's business records concerning Defendants' indebtedness. (Doc. # 18-1).

Glover[2] (Doc. # 18-2). (Doc. # 18). The Affidavit of Eddy Mullinax establishes that, as of September 22, 2017, (i) RCNA owed Plaintiff $571,930.52[3] in unpaid principal, accrued but unpaid interest, and late fees; (ii) RCI owed Plaintiff $648,553.84[4] in unpaid principal, accrued but unpaid interest, and late fees; (iii) Celia Turney owed Plaintiff $648,553.84[5] in unpaid principal, accrued but unpaid interest, and late fees; and (iv) Jessie Turney owed Plaintiff $571,930.52[6] in unpaid principal, accrued but unpaid interest, and late fees. (Doc. # 18-1). This Affidavit also confirms that interest continues to accrue under the First RCNA Loan at a per diem rate of $4.51, under the Second RCNA Loan at a per diem rate of $56.77, and under the RCI Loan at a per diem rate of $10.18. (*Id.* at ¶ 24). The Affidavit of Glenn E. Glover verifies that, as of September 22, 2017, Plaintiff had incurred $6,674.30 in attorney's fees and $691 in costs in attempting to collect indebtedness owed under the RCNA Loans and the RCI Loan. (Doc. # 18-2).

**II. Analysis**

Rule 55(b) states in relevant part:

(b) **Entering a Default Judgment**.

(1) *By the Clerk*. If the plaintiff's claim is for a sum certain or for a sum which can be made certain by computation, the clerk--on the plaintiff's request, with an

---

[2] Glenn E. Glover is an attorney licensed to practice in the State of Alabama and is the attorney of record for Plaintiff. (Doc. # 18-2).

[3] As of September, 22, 2017, this amount consisted of $40,707.95 in unpaid principal under the First RCNA Loan, $94.66 in accrued but unpaid interest under the First RCNA Loan, $512,263.64 in unpaid principal under the Second RCNA Loan, $16,792.01 in accrued but unpaid interest under the Second RCNA Loan, and $2,072.26 in accrued but unpaid late fees charges under the Second RCNA Loan.

[4] As of September, 22, 2017, this amount consisted of $73,291.38 in unpaid principal under the RCI Loan, $2,544.37 in accrued but unpaid interest under the RCI Loan, $787.57 in accrued but unpaid late charges under the RCI Loan, $40,707.95 in unpaid principal under the First RCNA Loan, $94.66 in accrued but unpaid interest under the First RCNA Loan, $512,263.64 in unpaid principal under the Second RCNA Loan, $16,792.01 in accrued but unpaid interest under the Second RCNA Loan, and $2,072.26 in accrued but unpaid late fees charges under the Second RCNA Loan.

[5] *See supra* note 4.

[6] *See supra* note 3.

> affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor or incompetent person.
>
> (2) **By the Court**. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
>
>> (A) conduct an accounting;
>>
>> (B) determine the amount of damages;
>>
>> (C) establish the truth of any allegation by evidence; or
>>
>> (D) investigate any other matter.

Fed. R. Civ. P. 55(b)(1), (2). If the defendant is not an infant or an incompetent person, the court may enter a default judgment against the defendant because of the defendant's failure to appear or defend. *Id.* at Rule 55(b)(2). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." *Id.* at Rule 54(c). A defaulting defendant "admits the plaintiff's well-pleaded allegations of fact" for purposes of liability. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (internal quotation marks omitted)).

Although this court permits the Clerk of Court to *enter* default when appropriate pursuant to Rule 55(a),[7] it is the practice of the judges of this court to reserve all decisions about the entry of a Rule 55(b) default *judgment* for the discretion of the particular judge to which the case is assigned, even when Rule 55(b)(1) permits the Clerk of Court to enter a default judgment

---

[7] Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed.R.Civ.P. 55(a).

because the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain. Thus, Plaintiff's Motion for Default Judgment (Doc. # 18) in this case is properly before the undersigned.

The court finds the requirements of Rule 55(b)(2) are satisfied in this case. Defendants were duly served with Summons and Complaint on July 9, 2017 and July 22, 2017 by process servers. (Docs. # 4, 5, 6, 7). Defendants failed to plead, answer, or otherwise defend as to the Complaint as required by July 30, 2017 and August 12, 2017, respectively. (*Id.*). Default was entered by the Clerk of the Court on September 21, 2017. (Doc. # 17).

The case law is clear that a judgment by default may only be entered without a hearing if "the amount claimed is a liquidated sum or one capable of mathematical calculation." *United States Artist Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (citations omitted). Damages may be awarded if the record adequately reflects the basis for such an award through "a hearing or a demonstration by detailed affidavits establishing the necessary facts." *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (citations omitted). With its current Motion (Doc. # 18), Plaintiff has provided the court with a detailed affidavit which incorporates (and authenticates) supporting documents and establishes the necessary facts regarding the amount due and owing under the RCNA Loans and the RCI Loan. (Docs. # 18-1). Therefore, Plaintiff is entitled to the following awards:

1. Against RCNA for (i) $571,930.52 in unpaid principal, accrued but unpaid interest, and late fees; (ii) per diem interest from September 22, 2017 to the date of judgment in the collective amount of $61.28; and (iii) post-judgment interest at the statutory rate;

2. Against RCI for (i) $648,553.84 in unpaid principal, accrued but unpaid interest, and late fees; (ii) per diem interest from September 22, 2017 to the date of judgment in the collective amount of $71.46; and (iii) post-judgment interest at the statutory rate;

3. Against Celia Turney for (i) $648,553.84 in unpaid principal, accrued but unpaid interest, and late fees; (ii) per diem interest from September 22, 2017 to the date of judgment in the collective amount of $71.46; and (iii) post-judgment interest at the statutory rate; and

4. Against Jessie Turney for (i) $571,930.52 in unpaid principal, accrued but unpaid interest, and late fees; (ii) per diem interest from September 22, 2017 to the date of judgment in the collective amount of $61.28; and (iii) post-judgment interest at the statutory rate.

However, Plaintiff has not yet presented sufficient evidence to support the reasonableness of its request for attorneys' fees and costs. Plaintiff's submitted Affidavit of Glenn E. Glover (Doc. # 18-2) is insufficient to support the reasonableness of its request for attorneys' fees and costs. More specifically, this Affidavit (Doc. # 18-2) provides no indication of how many hours were worked by attorneys or paralegals or the hourly rate charged by Bradley Arant's employees. Because the court finds that the present record alone does not support entry of an award of attorneys' fees and costs, the court will require Plaintiff to submit further evidence. Plaintiff shall submit evidence supporting its request for reasonable attorneys' fees and costs, including counsels' and paralegals' hourly rate(s) in the case, the number of hours billed in the case by each employee, a description of work completed, and a description of costs charged. Only material revealing privileged attorney-client or work product information may be redacted. All other information must be presented on the record, not under seal. Because the court finds that the present record alone does not support entry of an award as to attorneys' fees and cost, an evidentiary hearing may be necessary.

### III. Conclusion

For the reasons explained above, Plaintiff's Motion for Default Judgment (Doc. # 18) is due to be granted in part. The court will award Plaintiff the amount due and owing under the loans as of December 5, 2017, along with post-judgment interest. The court will require Plaintiff

to submit additional evidence to support its reasonable attorneys' fees and costs. An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this December 5, 2017.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE